Irizarry, Recurrente, *v.* El Registrador de San Germán, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad· de San Germán denegando la inscripción de un documento sobre operaciones particulares.

No. 201.—Resuelto en febrero 16, 1915.

Legados—Anotación Preventiva de Legado—Partición de Herencia y Adjudicación—Una vez practicadas las operaciones divisorias de una herencia y hechas las adjudicaciones correspondientes para el pago de legados, no es de aplicación el artículo' 49 de la Ley Hipotecaria, por no ser necesaria en ese caso la anotación preventiva del legado para garantir su pago.

Partición de Herencia—Contadores Partidores.—Aún cuando las operaciones divisorias de los bienes de un finado fueren practicadas por los mismos interesados sin intervención alguna de los contadores partidores nombrados, la falta de intervención de éstos no las vicia de nulidad.

Id.—Aprobación Judicial de las Operaciones Divisorias.—Habiendo conformidad entre los herederos, pueden éstos por sí mismos hacer la partición de bienes, sean o no mayores de edad, siendo necesaria la aprobación judicial de la partición cuando haya menores que no están representados por su padre y en su caso por la madre.

Colación — Liquidación de la Sociedad Conyugal — Convenio Entre los Interesados en la Herencia.—Los interesados en una herencia pueden convenir en que la cantidad recibida por un hijo en concepto de legítima anticipada no sea descontada de su haber hereditario, sino que se le cargue como deuda a favor del cónyuge viudo.

Id.—Bienes Adquiridos por un Legatario a Título Lucrativo—Inscripción Anterior a Título Oneroso.—En el presente caso el registrador denegó la inscripción por haberse colacionado el importe de una casa legada a una heredera estando ya inscrita a su favor por compra que había hecho al testador, y se resolvió: que el registrador erró al denegar dicha inscripción porque habiendo convenido los interesados todos en que la adquisición de la casa fué por título lucrativo y nó oneroso y establecida así la verdad de los hechos, la colación era procedente para que la viuda percibiera su mitad de gananciales sin quebranto alguno, quedando la heredera dueña de la casa por título lucrativo de legado.

Arrendamiento—Condominio en la Finca Arrendada—Inscripción del Condominio.—El hecho de que por ministerio de la ley quede extinguido un contrato dé arrendamiento respecto a los herederos arrendatarios en la parte de los condominios que a ellos han sido adjudicados, no es razón legal para denegar la inscripción en el registro de tales condominios.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. ·M. Juan Llaneras.*

El Registrador Sr. Rafael B. Sama compareció por escrito en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Presentadas en el Registro de la Propiedad de San Germán con fécha 5 de agosto de 1914 para su, inscripción las operaciones divisorias de los bienes hereditarios de Don Gavino Irizarry, fallecido en 28 de mayo del mismo año, cuyas operaciones había aprobado la Corte de Distrito de Mayagüez en expediente *ex parte* No. 4683 por resolución de 27 de julio, el registrador denegó la inscripción solicitada por medio de nota que copiada a la letra dice así:

"No admitida la inscripción del precedente documento, por los defectos siguientes: 1º. Por no poderse inscribir los bienes a favor de los herederos antes de los 180 días de la muerte del testador, sin haberse cumplido los requisitos que exige el artículo 49 de la Ley Hipotecaria. · 2º. Por no haberse cumplido la voluntad del testador en cuanto al nombramiento de contadores partidores, de conformidad con el artículo 1024 del Código Civil. 3º. Tampoco en cuanto al anticipo a cuenta de la legítima paterna hecho a su hija María Ana de los Dolores Irizarry y Cancel, declarado en la escritura pública ante el Notario Don Mariano Riera Palmer a 8 de enero de 1913, cuya cantidad de tres mil cien dollars debe colacionarse con sujeción al artículo 1001 del Código Civil. 4º. Por colacionarse el importe de la casa de la calle de la Luna, legada a Doña Felícita Beatriz Irizarry y Cancel, según el motivo cuarto de la partición, estando inscrita a favor de ésta por compra que hizo al testador con consentimiento de su esposa, con posterioridad al testamento. 5º. Porque con las adjudicaciones de condominios que se hace a los herederos Don Luis Telesforo, Don Ramón Cornelio y Don Santos Enrique Irizarry y Cancel, arrendatarios de las fincas 'Esperanza' y 'Libertad,' quedan canceladas en cuanto a dichos condominios por confusión de derechos las inscripciones de arrendamiento de las expresadas fincas, resultando una novación del contrato primitivo. Y 6º. Por no acreditarse que esté firme el auto de aprobación de las expresadas operaciones; y tomada en lugar de la inscripción pretendida, la anotación por 120 días que determina la ley al folio 11 del tomo 40 de esta ciudad, finca número 2194, anotación letra A. San Germán, septiembre 1º. de 1914. El Registrador. (Firmado) Rafael B. Sama."

Dicha nota está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto por Don Ramón Cornelio Irizarry, uno de los herederos del difunto Don Gavino Irizarry, cuya representación en su alegato escrito impugna los cinco primeros motivos de la nota recurrida, pues en cuanto al sexto, consistente en el defecto de no estar acreditado que sea firme el auto aprobatorio de las operaciones divisorias, expresa el recurrente por modo claro que existe el defecto a que alude y está dispuesto a subsanarlo, sin que por tanto sea materia del recurso.

Examinemos por su orden los motivos legales de la nota recurrida, prescindiendo del sexto:

*Primer motivo.*—El testamento otorgado por Don Gavino Irizarry con fecha 6 de mayo de 1911 contiene en su cláusula 4ª. los siguientes legados:

"Es su voluntad legar y lega a los pobres del lugar la cantidad de $25 que serán repartidos a quienes y en la cantidad a cada uno que determine su esposa (Ramona Cancel), y en su defecto, su hijo Luis Telesforo.

"También es su voluntad legar y lega a su nieto Nicolás Gustavo, hijo de su hija Petra, la cantidad de $500 en efectivo, y recomienda a su madre se los invierta en cosa que conserve y pueda entregarle cuando el legatario cumpla su mayor edad.

"También es su voluntad legar y lega a su hija Felicita Beatriz la casa de dos pisos, de madera sita en la calle de la Luna de esta ciudad (San Germán) que actualmente habita con su esposo Don Antonio Fabbiani."

Sobre el cumplimiento de los dos primeros legados de que se deja hecho mérito, las operaciones divisorias consignan los siguientes particulares:

"El legatario Nicolás Gustavo Agrait e Irizarry ha de haber como tal legatario la cantidad de $500, y para su pago se le adjudica lo siguiente:

"Efectivo del existente en cuenta corriente en la Caja Popular de Ahorros y Préstamos, resto de dicha cuenta, ciento tres pesos_____ $103. 00

"Efectivo de lo pagado por Fráncisco Vélez y Francisco P.
    Irizarry, trescientos noventa y siete pesos_____    397. 00
"Suma quinientos pesos, con lo cual queda pagado dicho
    legatario _____._____ _____    500. 00
"Los pobres del lugar han de haber la cantidad de veinte y
    cinco pesos; para cuyo pago se adjudica a Doña Ramona
    Cancel la misma cantidad en efectivo, resto de lo pagado
    por los Sres. Vélez e Irizarry, con lo cual queda satis-
    fecho dicho legado_____    25. 00

Como se ve, en las operaciones divisorias de que se trata
se han hecho las correspondientes adjudicaciones para el
pago. de los dos legados a que acabamos de hacer referencia,
y por tanto no es aplicable al presente caso el artículo 49
de la Ley Hipotecaria. Ese artículo prescribe que si el here-
dero quisiera inscribir a su favor dentro del plazo de 180
días siguientes a la muerte del testador los bienes heredita-
rios, y no hubiere para ello impedimento legal, podrá hacerlo,
con tal de que renuncien previamente y en escritura pública
todos los legatarios a su derecho de anotación, o que en de-
fecto de la renuncia expresa, se notifique a los mismos lega-
tarios, con 30 días de anticipación, la solicitud del heredero,
a fin de que dentro de dicho término puedan hacer uso de
aquel derecho.

La Ley. Hipotecaria quiso amparar. a los legatarios,. ase-
gurándoles el pago de los legados mediante anotación pre-
ventiva de su derecho en el caso de que tal amparo fuera
necesario, como sucedería si el heredero tratara de inscribir
a su favor los bienes hereditarios antes de practicarse las
operaciones divisorias de éstos, pero si esas operaciones di-
visorias están ya practicadas, como sucede en el presente caso
y se ha hecho la adjudicación correspondiente para el pago
de los legados, no vemos necesidad alguna de que se dé apli-
cación al citado artículo 49 de la Ley Hipotecaria.

El artículo 46 de la misma ley, que guarda relación con
el 49, preceptúa que el legatario que no tenga derecho según
las leyes, a promover el juicio de testamentaría, podrá pedir
en cualquier tiempo anotación preventiva sobre la misma

cosa legada, si fuere determinada e inmueble, y si el legado no fuere de especie, podrá exigir el legatario la anotación de su valor sobre cualesquiera bienes raices de la herencia, bastantes para cubrirlo, dentro de los 180 días siguientes a la muerte del testador. Dicho artículo, según lo revela su texto, se refiere al caso en que no haya arreglo de testamentaría con la adjudicación correspondiente para el pago de legados si los hay, pues si hay semejante arreglo, huelga la anotación preventiva del legado. No cabe promover un juicio de testamentaría, que está ya terminado mediante la práctica de las operaciones divisorias y adjudicación a cada interesado de lo que le corresponde.

El registrador ha cometido error al dar aplicación al artículo 49 de la Ley Hipotecaria.

Del legado de una casa hecho por el testador Don Gavino Irizarry a su hija Felícita Beatriz, nos ocuparemos al examinar el cuarto motivo de la nota recurrida.

*Segundo motivo.*—La cláusula 7ª. del testamento de Don Gavino Irizarry dice así:

"En uso de la facultad que la ley concede al testador, prohibe que en su testamentaría intervenga la autoridad judicial, aunque estén interesados menores, ausentes o incapacitados, pues quiere que todas las operaciones se practiquen extrajudicialmente, y la partición de los bienes de la misma la ejecuten Don Francisco Vélez y Don Rafael Mercado, a quienes nombra contadores y concede las facultades en derecho necesarias."

Las operaciones divisorias de los bienes de Don Gavino Irizarry fueron practicadas por los mismos interesados sin intervención alguna de los contadores-partidores nombrados, o sean Don Francisco Vélez y Don Rafael Mercado; pero la falta de intervención de éstos, no las vicia de nulidad.

El artículo 1024 del Código Civil, invocado por el registrador en su nota, establece que el testador podrá encomendar por acto *inter vivos* o *mortis causa* para después de su muerte la simple facultad de hacer la partición a cualquiera persona que no sea uno de los coherederos, lo cual se obser-

vará, aunque entre los coherederos haya alguno de menor edad o sujeto a tutela, en cuyo caso el comisario deberá inventariar los bienes de la herencia con citación de los coherederos, acreedores y legatarios.

El artículo 1025 previene que cuando el testador no hubiere hecho la partición ni encomendado a otro esta facultad, si los herederos fueren mayores y tuvieren la libre administración de sus bienes, podrán distribuir la herencia de la manera que tengan por conveniente; y el artículo 1027, que cuando los menores de edad estén sometidos a la patria potestad y representados en la partición por el padre y en su caso por la madre, no será necesaria la intervención ni la aprobación judicial.

Examinados los preceptos que contienen los artículos citados, entendemos que los herederos, habiendo conformidad entre ellos, pueden hacer por sí mismos la partición de bienes, sean o nó mayores de edad, aún cuando haya contadores-partidores nombrados, siendo necesaria la aprobación judicial de la partición cuando haya menores que no estén representados por su padre y en su caso por la madre.

A este propósito dicen los ilustrados comentaristas Galíndo y Escosura en el tomo 2 de su obra "Legislación Hipotecaria," (4ª. edición), páginas 257 y 258:

"Cuestionable es si habiendo hecho la partición el mismo testador o encomendado a otro la facultad de hacerla, sería no obstante inscribible la que hicieran todos los herederos mayores de edad, o aún habiendo menores, si se había obtenido la aprobación judicial.

"En el primer caso nuestra opinión es que no debe inscribirse * * *.

"Respecto del segundo caso, es distinto nuestro criterio. El testador no ha transmitido inmueble determinado: los herederos han adquirido el derecho hereditario al fallecimiento de aquél, y en virtud de él pueden hacer la división en los términos que les convenga * * *.

"En el orden moral es evidente que, hecha por los herederos, únicos interesados, nadie puede reclamar contra ella, y no hay razón para que no surta efecto jurídico.

"En el legal, ya indicamos que el propósito del legislador al redactar el artículo 1057 fué sin duda procurar que reinara la armonía allí donde pudiera haber voluntades discordantes. En ese caso, la del contador, como encarnación del testador, se impone a todos; sujeta al rebelde; concilia a los contrarios, y es como el simbolo del pensamiento del testador, supremo legislador a quien todos los herederos deben acatamiento.

"A esto se agrega que no hay precepto alguno en el Código que sancione con la pena de nulidad la partición hecha de común acuerdo por todos los herederos en el caso de haber el testador encomendado esa facultad a otra persona, por lo cual puede afirmarse que no es *necesariamente* nula, y no siéndolo, el registrador no debe denegar su inscripción, según lo establecido en el artículo 65 de la Ley Hipotecaria, mientras que, por el contrario, siendo como es la partición un contrato, concurriendo en él todas las circunstancias exigidas por el artículo 1261 del código, para apreciar su validez, no hay más que sujetarle al artículo 1265.''

Los artículos 1261 y 1265 del Código Civil español corresponden con los 1228 y 1232 del Código Civil Revisado.

En el presente caso en que hay una menor, o sea, Doña Daría Irizarry representada por su defensor Don Juan E. Stefany, ha mediado la aprobación judicial.

No es sostenible el segundo fundamento de la nota recurrida.

*Tercer motivo.*—En el supuesto 5º. de las operaciones divisorias de los bienes de Don Gavino Irizarry, se hizo constar lo siguiente:

"Por escritura otorgada en San Germán con el número 15 ante el Notario Don Mariano Riera Palmer a 8 de enero último pasado, (1913), el causante Don Gavino Irizarry y Pabón entregó a su hija doña María Ana de los Dolores, llamada en dicha escritura Dolores, en concepto de anticipo a cuenta de su legítima paterna, la cantidad de $3,100 en efectivo, cuya cantidad convienen los interesados en convertirla en una deuda a favor del caudal de la herencia, debida por dicha heredera.''

Como se ve, los interesados todos en la herencia de Don Gavino Irizarry convinieron con Doña María Ana de los Dolores en que la cantidad de $3,100 que de su padre había recibido en concepto de legítima anticipada, se considerara como una deuda a favor del caudal común.

En virtud de ese convenio, en vez de descontarse a la Doña María Ana de los Dolores, de su legítima, la expresada cantidad, fué ésta inventariada como debida por dicha señora, viniendo esa deuda a aumentar el capital inventariado, el cual fué repartido entre la viuda e hijos del testador, una mitad para aquélla y la otra mitad para éstos en partes iguales, inclusa Doña María Ana de los Dolores, la que en definitiva recibió igual porción hereditaria que sus demás hermanos, si bien quedó debiendo los $3,100 a su madre, la viuda Doña Ramona Cancel.

A los efectos de liquidar la sociedad conyugal, poco importa que la expresada cantidad de $3,100 se inventariara en concepto de colación o en concepto de deuda. Ni el cónyuge viudo ni los hijos han sufrido perjuicio en sus respectivas cuotas. El convenio hecho no ha producido otro resultado que el de que en vez de recibir Doña María Ana de los Dolores su legítima con descuento de los $3,100, la recibió íntegra, quedando adeudando esa misma cantidad a su madre Doña Ramona Cancel.

El registrador procedió erróneamente al consignar el tercer motivo que estamos examinando.

*Cuarto motivo.*—Al considerar el primer motivo que sirve de fundamento a la nota recurrida dejamos consignado que Don Gavino Irizarry por la cláusula 4ª. de su testamento, legó a su hija Felícita Beatriz la casa de manera de dos pisos situada en la calle de la Luna de San Germán, y añadimos que de ese legado nos ocuparíamos al examinar el cuarto motivo de dicha nota.

El supuesto cuarto de las operaciones divisorias dice así:

"Con posterioridad al otorgamiento del testamento inserto, el testador vendió a su hija Felícita Beatriz la casa de madera de dos

pisos, sita en la calle de la Luna de esta ciudad, legádole, cuya venta, si bien aparece verificada por título oneroso, es lo cierto, y en ello conviene la propia legataria, que es a título lucrativo, por consiguiente, de conformidad con las disposiciones legales, habrá de estimarse, y se estima satisfecho dicho legado, no obstante el que se colacione al haber común a los efectos de determinar los gananciales.''

En el inventario de dichas operaciones divisorias se trajo a colación con un valor de $1,000 la casa de que se deja hecho mérito al solo fin de aumentar en esa cantidad el montante de los bienes inventariados, pues de dicha casa no se hizo adjudicación alguna, como era lógico y legal, pues el artículo 852 del Código Civil preceptúa que si el legatario adquiere la cosa legada por título oneroso después de la fecha del testamento, podrá pedir al heredero que le indemnice de lo que haya dado para adquirirla; más si la adquisición fuera a título lucrativo nada podrá pedir por ello. Las partes interesadas convinieron en que la adquisición no había sido hecha por título oneroso según se consignó en la escritura, sino por título lucrativo, y mediante dicho convenio Doña Felícita Beatríz se privó del derecho de reclamar la indemnización de lo que, según la escritura de adquisición, había dado por la casa, de la que quedó dueña, no por título oneroso, sino por título gratuito de legado, sin necesidad de adjudicación alguna. Con la colación de tal casa al haber hereditario, restableciéndose por convenio de los interesados la verdad de los hechos, o sea que la trasmisión de la casa legada se había hecho a título lucrativo y no a título oneroso, nadie se perjudicó en sus intereses: la viuda obtuvo su mitad de gananciales sin quebranto alguno, y el importe del legado quedó a cargo del caudal hereditario del causante, teniendo así estricto cumplimiento su disposición testamentaria.

La casa legada que aparece inscrita en el registro a favor de Doña Felícita Beatriz, continúa siendo de la propiedad de la misma, y esa inscripción no impide la inscripción negada por el registrador, pues ésta en nada afecta a aquélla.

Es, pues, erróneo el cuarto motivo de la nota recurrida.

*Quinto motivo.*—En el inventario general de bienes que forma parte de las operaciones divisorias, figuran marcadas con las letras *b* y *c,* dos estancias, una de ellas llamada "Esperanza" y la otra "Libertad," las cuales, según se consigna, habían sido arrendadas por el causante Don Gavino Irizarry mediante escritura pública de 13 de octubre de 1911, a sus hoy causahabientes Don Ramón Cornelio, Don Luis Telesforo y Don Santos Enrique, por término de diez años a contar del día 1°. de dicho mes de octubre, término prorrogable por cinco años más a opción de los arrendatarios.

Esas fincas se adjudican en las operaciones divisorias a la viuda e hijos de Don Gavino Irizarry, entre los que figuran los arrendatarios Don Luis Telesforo, Don Ramón Cornelio y Don Santos Enrique, los cuales todos interesan inscribir a su nombre sus respectivos derechos dominicales. El hecho de que por ministerio de la ley quede extinguido el contrato de arrendamiento respecto de los herederos arrendatarios en la parte de los condominios que a ellos han sido adjudicados, no es razón legal para denegar la inscripción de tales condominios. Esa inscripción de condominio producirá los efectos legales correspondientes y mostrará por si sola en el registro que el contrato de arrendamiento se ha extinguido respecto de los herederos arrendatarios Don Luis Telesforo, Don Ramón Cornelio y Don Santos Enrique, y con relación a las participaciones de que han venido a ser dueños, quedando subsistente respecto de los demás condueños que no son arrendatarios, los cuales tendrán derecho a percibir la parte proporcional del arrendamiento que les corresponda.

En la misma escritura de partición de bienes, los interesados consignan la aclaración de que en virtud de los contratos de arrendamiento, del fallecimiento del arrendador, y del resultado de las operaciones testamentarias, la viuda y causahabientes del arrendador adquieren personalidad para percibir de los arrendatarios la parte respectiva de los

cánones de arrendamiento en la proporción que a cada uno se .señala y con independencia de los demás.

Así como el adquirente de una finca hipotecada a su favor puede inscribir la adquisición, también el adquirente de una finca de que es arrendatario puede inscribirla.

Mediante esas inscripciones quedan extinguidos los derechos del acreedor hipotecario o del arrendatario, pues nadie puede ser acreedor hipotecario o arrendatario de una finca de que ha llegado a ser dueño.

También es erróneo el quinto motivo de la nota recurrida.

Y no cabe discutir el sexto motivo de esa nota, por no ser materia del recurso, como ya hemos dicho.

Por las razones expuestas es de revocarse la nota del Registrador de la Propiedad de San Germán de 1°. de septiembre del año próximo pasado, y ordenarse la inscripción solicitada; con el defecto subsanable que en el motivo 6°. de dicha nota se consigna, a no ser que se subsane tal defecto antes de verificarse la inscripción.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.